# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 19-2091 |
| Case Name | Alfaro-Huitron, et al. v. WKI Outsourcing Solutions, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Esteban Alfaro-Huitron, Eleazar Garcia-Mata, Jose Antonio Garcia-Mata, Juan Guzman, Enrique Rojas-Torres, Lazaro Rojas-Torres, Raul Jasso-Cerda, Trinidad Santoyo-Garcia, and Bertha Martinez (substituted for Pedro Tamez) |
| Appellee(s) or Respondent(s) | Cervantes Enterprises, Inc. and Cervantes Agribusiness |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: May 6, 2019

   **2.**   Date notice of appeal was **filed**: June 5, 2019

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority): 30 days, FRAP 4(a)(1)(A)

       **a.**   Was the United States or an officer or an agency of the United States a party below? No

       **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: __No__

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):
   __None__

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?
   __N/A__

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. __Yes__

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
   __N/A__

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? __N/A__

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? __N/A__

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).
   __N/A__

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

      Cir. 2010) (discussing protective or conditional cross appeals). _____N/A_____

**B.**  **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

  **1.**  Date of the order to be reviewed: _____

  **2.**  Date petition for review was filed: _____

  **3.**  Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

  **4.**  Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**  **APPEAL OF TAX COURT DECISION**

  **1.**  Date of entry of decision appealed: _____

  **2.**  Date notice of appeal was filed: _____

  (If notice was filed by mail, attach proof of postmark.)

  **3.**  State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

  **4.**  Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____

_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F.    Is the defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.    GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

A labor contractor sought to import Mexican "H-2A" guestworkers under 8 U.S.C. § 1101(a)(15)(H)(ii)(a) and supply them to various agricultural employers, including Appellees Cervantes Enterprises, Inc. and Cervantes Agribusiness. Plaintiffs are U.S. workers who claim that they were misled by the labor contractor. The district court granted summary judgment dismissing all claims against Cervantes Enterprises, Inc. and Cervantes Agribusiness, holding that the record indicated that the labor contractor was not acting as agent of the Cervantes Defendants in recruiting workers, and the Cervantes Defendants did not conspire with the labor contractor to defraud Plaintiffs.

**IV.    IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

**V.     ATTORNEY FILING DOCKETING STATEMENT:**

Name: Jerome Wesevich          Telephone: (915) 585-5120

Firm: Texas RioGrande Legal Aid, Inc.

Email Address: jwesevich@trla.org

Address: 1331 Texas Avenue

El Paso, Texas 79901

*[signed]* Jerome Wesevich                    June 24, 2019

Signature                                          Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, _Jerome Wesevich_, hereby certify that on
   [attorney for appellant/petitioner]

_June 24, 2019_, I served a copy of the foregoing **Docketing Statement**, to:
   [date]

_Joseph Cervantes_, at _____
   [counsel for/or appellee/respondent]

_joe@cervanteslawnm.com_

_beth@cervanteslawnm.com_

_____, the last known address/email address, by _email_.
   [state method of service]

(1) Whether the district court erred as a matter of New Mexico law in holding that independent contractors cannot be agents.
(2) Whether on de novo review, the summary judgment record contains sufficient evidence for a reasonable jury to conclude that WKI Outsourcing Solutions acted as agent of the Cervantes Defendants in recruiting workers.
(3) Whether on de novo review, the summary judgment record contains sufficient evidence for a reasonable jury to conclude that the Cervantes Defendants conspired with Jaime Campos of WKI Outsourcing Solutions to defraud Plaintiffs.

_Jerome Wesevich_
Signature

_June 14, 2019_
Date

_Jerome Wesevich_
_Texas RioGrande Legal Aid_
_1331 Texas Ave._
_El Paso, TX 79901_
Full name and address of attorney